8/20/08

CV-08-3769
(PR)

FILED

AUG 2 5 2008

Clerk Of the US District Court

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In RE: Stipulated Order For Permanent
Injunctive Relief
No. Civ S-94-0671 LKK/GGH

Delaney Barnes, F88879
Deuel Vocational Institution
P.O. Box 600
Tracy, Ca.

Please file this stipulated order for
permanent injunctive relief
No. Civ S-94-0671 LKK/GGH with case
no. CV083769 SI (PR) as supporting
documents Thank You.

Respectfully Submitted
Melany Barnes

Case No. CV08-3769 SI(PR)    8/20/08

FILED

MAR - 9 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

1   BINGHAM McCUTCHEN
    KAREN KENNARD – 141925
2   KRISTEN A. PALUMBO - 215857
    Three Embarcadero Center
3   San Francisco, California 94111-4067
    Telephone: (415) 393-2000
4
    PRISON LAW OFFICE                       ROSEN, BIEN & ASARO, LLP
5   DONALD SPECTER – 83925                  MICHAEL W. BIEN – 096891
    General Delivery                        ERNEST GALVAN – 196065
6   San Quentin, California 94964           MARI L. WILLITS – 209612
    Telephone: (415) 457-9144               155 Montgomery Street, 8th Floor
7                                           San Francisco, California 94104
                                            Telephone (415) 433-6830
8
    STEPHEN J. PERRELLO, JR. – 56288        ALEX LANDON – 50957
9   P.O. Box 880738                         2442 Fourth Avenue
    San Diego, California 92618             San Diego, California 92101
10  Telephone: (858) 277-5900               Telephone: (619) 232-6022
11
12  Attorneys for Plaintiffs

    LODGED                                  RECEIVED
13
    NOV 1 8 2003                            MAR 1 1 2004
14
    CLERK, U.S. DISTRICT COURT              ROSEN BIEN & ASARO
15  EASTERN DISTRICT OF CALIFORNIA
    BY
16      DEPUTY CLERK

14              UNITED STATES DISTRICT COURT
15              EASTERN DISTRICT OF CALIFORNIA

17  JERRY VALDIVIA, et al.,              │  No. Civ. S-94-0671 LKK/GGH
18                                       │
            Plaintiffs,                  │
19                                       │  **STIPULATED ORDER FOR
        v.                               │  PERMANENT INJUNCTIVE RELIEF**
20                                       │
21  ARNOLD SCHWARZENEGGER, et al.,       │
22                                       │
            Defendants.                  │
23
24
25
26
27
28
                    1034

## I.   INTRODUCTION

1.   This action was filed on May 2, 1994. Plaintiffs, on behalf of themselves and the class they represent, challenged the constitutionality of parole revocation procedures conducted by the California Board of Prison Terms ("BPT") and the California Department of Corrections ("CDC").

2.   The Court certified this case as a class action by order dated December 1, 1994. The Plaintiff class consists of the following persons: (1) California parolees who are at large; (2) California parolees in custody as alleged parole violators, and who are awaiting revocation of their state parole; and (3) California parolees who are in custody, having been found in violation of parole and sentenced to prison custody.

3.   The Defendants are state officials responsible for the policies and procedures by which California conducts parole revocation proceedings.

4.   On June 13, 2002, this Court granted partial summary judgment in favor of Plaintiffs, holding that California's unitary parole revocation system violates the due process rights of the Plaintiff class under Morrissey v. Brewer, 408 U.S. 481 (1972), Gagnon v. Scarpelli, 411 U.S. 778 (1973), and related authority. The Court held that California's parole revocation system violated the due process clause of the Fourteenth Amendment by "allowing a delay of up to forty-five days or more before providing the parolee an opportunity to be heard regarding the reliability of the probable cause determination." Valdivia v. Davis, 206 F. Supp. 2d 1068, 1078 (E.D. Cal. 2002).

5.   The parties stipulate that this is not a "civil case with respect to prison conditions," as those terms are defined and applied in the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, and that therefore this Order is not governed by the PLRA.

6.   The parties hereby stipulate that the Court shall ADJUDGE, DECLARE, AND DECREE as follows:

## II.    PARTIES

7.    The Plaintiff class consists of the following persons: (1) California parolees who are at large; (2) California parolees in custody as alleged parole violators, and who are awaiting revocation of their state parole; and (3) California parolees who are in custody, having been found in violation of parole and sentenced to prison custody.

8.    The Defendants are state officials responsible for the policies and procedures by which California conducts parole revocation proceedings. Defendant Arnold Schwarzenegger is Governor of the State of California and Chief Executive of the state government. Defendant Roderick Q. Hickman is the Secretary of the California Youth and Adult Correctional Agency. Defendant Edward S. Alameida, Jr., is Director of the California Department of Corrections. Defendant Richard Rimmer is Deputy Director of the California Department of Corrections, Parole and Community Services Division ("P&CSD"). Defendant Carol A. Daly is a Commissioner and Chair of the Board of Prison Terms ("BPT"). Defendants Alfred R. Angele, Sharon Lawin, Booker T. Welch, Jones M. Moore, and Kenneth L. Risen are Commissioners of the BPT. Defendant Kenneth E. Cater is Chief Deputy Commissioner of the BPT.

## III.    DEFINITIONS

9.    The following terms when used in this Order shall have the meanings specified below:

(a) "Parolee(s)" shall mean any member of the Plaintiff class.

(b) "Day(s)" shall mean calendar days, unless otherwise specified.

(c) "Revocation process" or "revocation proceedings" shall mean all stages of the process by which parole may be revoked, including placement of a parole hold, notice, waivers, service of Return to Custody Assessments, and hearings.

(d) "Return to Custody Assessments" ("RTCAs") shall mean the practice by which Defendants offer a parolee a specific disposition in return for a waiver of the

1  parolee's right to a preliminary or final revocation hearing, or both.

2  (e) "Parole hold" shall mean any invocation by Defendants of their authority to

3  involuntarily detain a parolee for revocation proceedings under Section 3056 of the

4  California Penal Code. This term shall not apply to the detention of a parolee who has

5  absconded from the State of California until he or she is physically returned to the State

6  of California and is in its custody.

7

8  ## IV.  POLICIES, PROCEDURES, FORMS, AND PLANS

9  10.  For all policies, procedures, forms, and plans developed under this Order,

10  the parties shall use the following process: Defendants shall meet periodically with

11  Plaintiffs' counsel to discuss their development of policies, procedures, forms, and

12  plans. In preparation for such meetings, Defendants will provide Plaintiffs' counsel

13  with copies of the proposed policies, procedures, forms, and plans in draft form no later

14  than 7 days before the meeting. If the parties reach an impasse on any particular issues,

15  they may bring the disputed issues to the Court in a motion to be heard on shortened

16  time.

17  11.  Using the procedure set forth above in Paragraph 10, Defendants shall do

18  the following:

19  (a)  Defendants shall develop and implement sufficiently specific Policies and

20  Procedures that will ensure continuous compliance with all of the requirements of this

21  Order. The Policies and Procedures will provide for implementation of the August 21,

22  2003 Remedial Plan Outline (attached hereto as Exhibit A), as well as the requirements

23  set forth below in Paragraphs 12–24. Defendants shall submit the completed Policies

24  and Procedures to the Court no later than July 1, 2004.

25  (b)  By July 1, 2004, Defendants shall begin implementing the following steps

26  in the parole revocation process, which shall be completely implemented by January 1,

27  2005:

28  (i)  Defendants shall appoint counsel for all parolees beginning at the

1   RTCA stage of the revocation proceeding. Defendants shall provide an expedited

2   probable cause hearing upon a sufficient offer of proof by appointed counsel that there

3   is a complete defense to all parole violation charges that are the basis of the parole hold.

4           (ii) No later than 48 hours after the parole hold, or no later than the next

5   business day if the hold is placed on a weekend or holiday, the parole agent and unit

6   supervisor will confer to determine whether probable cause exists to continue the parole

7   hold, and will document their determination.

8           (iii) If the parole hold is continued thereafter, no later than 3 business days

9   after the placement of the hold, the parolee will be served with actual notice of the

10  alleged parole violation, including a short factual summary of the charged conduct and

11  written notice of the parolee's rights regarding the revocation process and timeframes.

12          (iv) For all parolees who do not waive or seek a continuance of a final

13  revocation hearing, Defendants shall provide a final revocation hearing on or before the

14  35th calendar day after the placement of the parole hold.

15          (c)   By July 1, 2004, Defendants shall serve on counsel for Plaintiffs an

16  assessment of the availability of facilities and a plan to provide hearing space for

17  separate probable cause hearings.

18          (d)   By July 1, 2005, in addition to the steps listed above, for all parolees who

19  do not waive or seek a continuance of a probable cause hearing, Defendants shall

20  provide a hearing to determine probable cause no later than 10 business days after the

21  parolee has been served with notice of the charges and rights (at the 3rd business day

22  after the placement of the hold).

23          (e)   Defendants shall complete implementation of the Policies and Procedures

24  by July 1, 2005.

25      12.   In addition to the provisions of the August 21, 2003 Remedial Plan Outline,

26  the Policies and Procedures shall ensure that the following requirements are met:

27      13.   At the time of appointment, counsel appointed to represent parolees who

28  have difficulty in communicating or participating in revocation proceedings, shall be

1  informed of the nature of the difficulty, including but not limited to: mental illness,
2  other cognitive or communication impairments, illiteracy, limited English-language
3  proficiency, and the need for a foreign language interpreter. The appointment shall
4  allow counsel adequate time to represent the parolee properly at each stage of the
5  proceeding.

6      14.    At the time of appointment, counsel shall be provided with all non-
7  confidential reports and any other documents that the state intends to rely upon at the
8  probable cause or final revocation hearing. After appointment, if the state learns of
9  additional evidence or documents, and intends to rely on such additional evidence or
10  documents, it shall produce them to counsel as soon as practicable before the hearing.

11      15.    Defendants shall develop and implement policies and procedures for the
12  designation of information as confidential that are consistent with the requirements of
13  due process.

14      16.    Non-confidential portions of parolees' field files shall be available to
15  parolees' counsel unless good cause exists for failure to provide access to such files.
16  Field file information shall be withheld from counsel as confidential only in accordance
17  with the policies and procedures referenced in Paragraph 15.

18      17.    Defendants shall develop standards, guidelines, and training for effective
19  assistance of state appointed counsel in the parole revocation process.

20      18.    Defendants will ensure that parolees receive effective communication
21  throughout the entire revocation process.

22      19.    Defendants will ensure that all BPT and CDC forms provided to parolees
23  are reviewed for accuracy and are simplified to the extent possible through a procedure
24  similar to that used to revise forms in Armstrong v. Davis, C94-2307 CW (N.D. Cal.).
25  This process will include translation of forms to Spanish. Revised forms will be
26  submitted to Plaintiffs' counsel for review prior to finalization, dissemination, or
27  modification.

28      20.    Upon written request, parolees shall be provided access to tapes of parole

1 | revocation hearings.

2 |     21.   Parolees' counsel shall have the ability to subpoena and present witnesses
3 | and evidence to the same extent and under the same terms as the state.

4 |     22.   At probable cause hearings, parolees shall be allowed to present evidence
5 | to defend or mitigate against the charges and proposed disposition.  Such evidence shall
6 | be presented through documentary evidence or the charged parolee's testimony, either
7 | or both of which may include hearsay testimony.

8 |     23.   Final revocation hearings shall occur within 35 calendar days of the parole
9 | hold.

10 |     24.   The use of hearsay evidence shall be limited by the parolees' confrontation
11 | rights in the manner set forth under controlling law as currently stated in United States
12 | v. Comito, 177 F.3d 1166 (9th Cir. 1999).  The Policies and Procedures shall include
13 | guidelines and standards derived from such law.

14 |

15 | **V.   STAFFING LEVELS**

16 |     Defendants shall maintain sufficient staffing levels in the CDC and BPT to meet
17 | all of the obligations of this Order.

18 |

19 | **VI.   MONITORING**

20 |     25.   The parties shall cooperate so that Plaintiffs' counsel has access to the
21 | information reasonably necessary to monitor Defendants' compliance with this Order
22 | and the Policies and Procedures adopted in response thereto.  Such information shall
23 | include but not be limited to: access to documents, tours, observation of parole
24 | revocation proceedings, observation of training sessions, interviews of staff, and
25 | interviews with parolees.  Plaintiffs' counsel may notice depositions under the Federal
26 | Rules of Civil Procedure either: (1) if Plaintiffs' counsel are unable to obtain relevant
27 | information through interviews and informal document requests, or (2) after notifying
28 | Defendants of non-compliance with this Order under Section VII, below.  Before

noticing a deposition, Plaintiffs' counsel must consult with opposing counsel about the deposition schedule so that the convenience of counsel, witnesses, and parties may be accommodated, if possible.

26.    The parties shall meet regularly, and at least once every 90 days, to discuss implementation issues.  At least once every 90 days, Defendants shall provide Plaintiffs' counsel with a report on hold-to-hearing time in substantially the same form, and with the same content as that currently used in Defendants' weekly "RSTS" meetings.

27.    The parties shall agree on a mechanism for promptly addressing concerns raised by Plaintiffs' counsel regarding individual class members and emergencies.

## VII.   ENFORCEMENT

28.    The Court shall retain jurisdiction to enforce the terms of this Order.  The Court shall have the power to enforce the terms of this Order through specific performance and all other remedies permitted by law or equity.

29.    If Plaintiffs' counsel believe that Defendants are not complying with any of the acts required by this Order, the Remedial Plans, or Policies and Procedures produced pursuant to it, they shall notify Defendants in writing of the facts supporting their belief. Defendants shall investigate the allegations and respond in writing within 30 days.  If Plaintiffs' counsel are not satisfied with Defendants' response, the parties shall conduct negotiations to resolve the issue(s).  If the parties are unable to resolve the issue(s) satisfactorily, Plaintiffs may move the Court for any relief permitted by law or equity.

## VIII.  ATTORNEY'S FEES AND COSTS

30.    Plaintiffs are the prevailing party in this action.  Plaintiffs' counsel may move for an award of reasonable attorney's fees and costs for obtaining relief for the Plaintiff class pursuant to 42 U.S.C. § 1988 or any other applicable law.  Defendants shall pay Plaintiffs' counsel reasonable attorney's fees for work performed in connection with monitoring and enforcing this Order.  The parties reserve the right to

address at a future date whether 42 U.S.C. § 1997e(d) applies to an award of attorney's fees in this suit.

## IX.  RESOLUTION OF CLAIMS

31.   This stipulated order resolves all the claims in this case, except the following, to the extent that they are alleged in the Fifth Amended Complaint, if at all:

(a)    Appeals.  Plaintiffs assert that Defendants' administrative-appeals system for parole-revocation and revocation-extension decisions violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

(b)    Revocation-Extension Proceedings.  Plaintiffs assert that Defendants' policies, procedures, and practices for extending parole revocations based on alleged rules violations while in custody violate the Due Process Clause.

32.   The parties anticipate that these issues will be resolved informally, without need for the Court's intervention.  The parties will inform the Court if this does not occur.


### IT IS SO STIPULATED.


Dated: _November 12_, 2003                    ROSEN, BIEN & ASARO

                                             By _____
                                                MICHAEL BIEN


Dated: _November 12_, 2003                    PRISON LAW OFFICE


                                             By _____
                                                DONALD SPECTER

                                             Attorneys for Plaintiffs

Dated: November 17, 2003

BILL LOCKYER, Attorney General
of the State of California,
ROBERT R. ANDERSON, Chief
Assistant Attorney General,
FRANCES T. GRUNDER, Senior
Assistant Attorney General,
JONATHAN L. WOLFF,
Supervising Deputy Attorney
General

By THOMAS S. PATTERSON,
Deputy Attorney General
Attorneys for Defendants

Dated: November 17, 2003

By RODERICK Q. HICKMAN
Secretary, Youth and Adult
Correctional Agency

Dated: November 17, 2003

By EDWARD S. ALAMEIDA, JR.
Director, California Department of
Corrections

Dated: November 17, 2003

By CAROL A. DALY
Chair, California Board of Prison
Terms

## ORDER

The Court finds that this is not a "civil case with respect to prison conditions," as those terms are defined and applied in the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626. and that therefore this Order is not governed by the PLRA. Defendants, their agents, employees, and successors in office are ordered to comply with all the terms stated above.

**IT IS SO ORDERED**

Dated: 3/8 , 2004

LAWRENCE K. KARLTON
Chief Judge, Emeritus

*BILL LOCKYER*
*Attorney General*



*State of California*
*DEPARTMENT OF JUSTICE*



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5727
Facsimile: (415) 703-5843
E-Mail: Thomas.Patterson@doj.ca.gov

August 20, 2003

> **RECEIVED**
>
> AUG 2 2 2003
>
> ROSEN BIEN & ASARO

The Honorable Lawrence K. Karlton
Chief Judge Emeritus
United States District Court, Eastern District
501 "I" Street
Sacramento, CA 95814

RE:   Jerry Valdivia, et al. v. Gray Davis, et al.
      USDC E.D. Cal. Case No. CIV-S-94-0671 LKK GGH P

Dear Judge Karlton:

   The following is Defendants' revised remedial plan in this case. This plan represents a tremendous amount of work by the Defendants and other state officials since the July 23, 2003 order, much of which has been done recently while consulting Plaintiff's counsel.

   Defendants continue to work with Plaintiffs' counsel to refine the revised remedial plan in efforts to perfect a viable revocation system that affords appropriate process.

   With this in mind, neither Plaintiffs nor Defendants desire the Court to rule immediately on the adequacy of the revised remedial plan. Rather, they hope to resolve the issues soon and, of course, will advise the Court of the outcome of their efforts.

Sincerely,

*Thomas J Patterson*

THOMAS S. PATTERSON
Deputy Attorney General
Attorney for Defendants

For   BILL LOCKYER
      Attorney General

*Donald Specter*

DONALD SPECTER
Prison Law Office
Attorney for Plaintiffs

Exh A

# Valdivia Remedial Plan



**Violation Occurs**

**Remedial Sanctions-If Appropriate (COP/SATCU/Alternate Placement)**

**Probable Cause Determination Review/Case Conference regarding PC 3056 Hold**

*Within 48 Hours of Hold Placement (If on Weekend/Hol no later than next Business day)*

**Parolee Noticed of Charges (Activity Report)/ Interviewed and Provided Copies (Charges, BPT 1073, Notice of Rights)**

*• PCH Time starts 1st day after Notice and runs for 10 Bus days*

*3 Business Days of Hold Placement*

**Violation Report Submitted by Agent of Record** — *•1-3 Bus Days*
**Violation Report Reviewed by Unit Supervisor** — *4 Bus Days*
**Rev Packet Reviewed by Parole Administrator (PAD)**

*COP/ Remedial Sanction*

*Case Resolved*

**Decentralized Revocation Unit Revocation Packets Received - Data Entry (RSTS)** — *5-6 Bus Days*

**Attorneys Receive Revocation Packets and Consult with Parolee**

**RTC Assessment by DC or PAD Offers Communicated to Attorneys** — *6-8 Bus Days*

**Expedited Hearing with Offer of Proof**

*Accepts/ COP/CTS/ NIC/ Remedial Sanctions/ Dismiss*

**Probable Cause Hearing DC or PAD/Attorney/Parolee Exculpatory/Documentary Evidence Presented** — *9-10 Bus Days*

**Rejection of offer (Witness Selection/Hearing Location/ADA Review)**

*Case Resolved*

**Revocation Hearing** — *On or Before 35 Calendar Days of Hold Placement*

Revised 8/21/03 (1130 Hours)

# VALDIVIA REMEDIAL PLAN POLICY OUTLINE

## VIOLATION OCCURS

There are a myriad of circumstances under which a Parolee can violate his or her conditions of parole. There are approximately 100,000 parole violations referred to the Board of Prison Terms each calendar year.

Currently about 60% of the reported violations are the result of arrests by local law enforcement. Of that 60% arrested by local law enforcement, many are charged in the local jurisdictions for crimes against the state, while others are not charged locally but instead referred to the Board of Prison Terms for administrative disposition.

The remaining 40% are arrests that involve the Parole officer, which may also result in local charges or referral to the Board of Prison Terms for administrative disposition.

The average parole violator's term in prison is five and one half months.

Approximately 66% of the cases referred to the Board of Prison Terms are resolved prior to the revocation hearing. Last year, the Board of Prison Terms conducted approximately 37,000 revocation hearings.

## REMEDIAL SANCTIONS

As part of the overall reform of the revocation process, the Parole and Community Services Division of the Department of Corrections will begin using remedial sanctions/community based treatment placement in January of 2004.

Some of the remedial sanctions/community based treatment programs that will be used are the Substance Abuse Treatment Control Units, Electronic Monitoring, Self-Help Outpatient/aftercare programs, and alternative placement in structured and supervised environments.

1

These remedial sanctions are not considered violations of parole because participation in the remedial sanctions program is voluntary and participation in the remedial sanctions program will not make the parolee presumptively ineligible for discharge at 13 months.

The goal is to reduce the number of returns to prison for violations of parole by up to 10% in 2004 and by up to 30% by 2006.

**IF REMEDIAL SANCTIONS ARE DEEMED INAPPROPRIATE AND A PAROLE HOLD IS PLACED ON THE PAROLEE, A PROBABLE CAUSE DETERMINATION/REVIEW WILL TAKE PLACE WITHIN 48 HOURS OF THE HOLD AND IF THE HOLD IS PLACED ON A WEEKEND OR HOLIDAY, THE PROBABLE CAUSE REVIEW WILL BE CONDUCTED NO LATER THAN THE NEXT BUSINESS DAY FOLLOWING THE HOLD BEING PLACED.**

Although this probable cause review for parolees is not required under any of the current, relevant case law, it is being put in place in an attempt to take a second look at those individuals who have been placed into custody to determine if the "present danger to public safety" concern still exists or if remedial sanctions/community based treatment is possible at this juncture.

As an example, a parolee who was strung out on dope may have "dried out" sufficiently that he or she is no longer a danger to him or herself or the public and may be an appropriate candidate for community based treatment in a structured, supervised program.

Under such a scenario, the parolee would be released to a community based treatment program with the understanding that a specific condition of his or her release is the completion of the program and any other special conditions of parole that the Parole Agent deems appropriate.

Current regulation and case law require any special conditions of parole to have a nexus to the parolees' commitment offense or behavior.

2

**PAROLEE IS GIVEN ACTUAL WRITTEN NOTICE OF CHARGES WITH A SHORT FACTUAL SUMMARY OF THE BEHAVIOR; THE NOTICE OF RIGHTS REGARDING THE REVOCATION PROCESS; AND THE BPT 1073 ADA DETERMINATION IS MADE VIA A FACE TO FACE INTERVIEW WITHIN 3 BUSINESS DAYS OF THE HOLD BEING PLACED.**

If the remedial sanctions are deemed inappropriate, within three business days of the hold being placed, the parolee shall be served actual notice of the charges against him or her accompanied by a short factual summary of the behavior; he or she shall be interviewed; an a ADA determination shall be made; the BPT form 1073 shall be completed, and parolee shall be provided with a written notice of rights regarding the revocation process and time frames. (Hereinafter referred to as "notice.")

The principles of "effective communication" apply to the revocation process. ADA accommodation must be provided for all parolees when necessary. In addition, all forms shall be printed in Spanish and English and a Spanish speaking person shall be available to interpret and explain the forms to the parolee where necessary.

**THE PROBABLE CAUSE HEARING SHALL BE CONDUCTED WITHIN 10 BUSINESS DAYS FOLLOWING THE DATE OF ACTUAL SERVICE OF THE NOTICE OF CHARGES, THE ADA DETERMINATION, AND THE NOTICE OF RIGHTS.**

Within the first 3 days after the parolee has been served with notice, the violation report must be completed and submitted to the Parole Unit supervisor.

On or before the fourth business day, the Unit Supervisor must review the report and: (1) determine if there is sufficient basis for the revocation to go forward; (2) determine if the report is accurate, complete, and contains the correct Title 15 violation sections; and (3) review the report and consider whether or not remedial sanctions/community based treatment is appropriate in lieu of proceeding with referral to the Board of Prison Terms with a recommendation that the parolee be returned to prison.

3

On or before the 4th business day, the revocation packet is reviewed by the Parole Administrator to determine whether or not there is a sufficient basis for the case to move forward and whether or not Remedial Sanctions/Community Based Treatment is appropriate at this juncture.

On or before the 5th business day, the revocation packet is forwarded to the decentralized revocation unit where the parolee is being held.

On or before the 6th business day, the parolee (including non-Armstrong class members) shall be appointed an attorney and the attorney shall be **provided with a copy of the revocation packet, which shall contain a signed copy of the notice of charges, notice of revocation of rights, and a completed BPT 1073.**

Attorney shall meet with the Parolee, provide the parolee with a copy of the revocation packet, and shall communicate any offer or offers made by the Board of Prison Terms Deputy Commissioner/Parole Administrator prior to the probable cause hearing.

In the event the parolee can make a sufficient offer of proof of a complete defense to the charges the Board of Prison Terms Deputy Commissioner/Parole Administrator, an expedited Probable Cause Hearing with Documentary and/or live testimony shall be scheduled. As an example, if the parole has uncontroverted documentary evidence that he or she was in Santa Rita jail when this violation allegedly occurred in Los Angeles, parolee shall be allowed to present such evidence at an expedited probable cause hearing between the 6th and 8th business day or at the earliest time possible thereafter if parolee is unable to produce such evidence by the 6th to 8th day.

On or before the 6th to 8th business day, a return to custody assessment (an offer) is made by the Deputy Commissioner/Parole Administrator, and the offer shall be communicated to the parolee's attorney.

On or before the 10th business day, a Probable Cause Hearing shall be held with the Deputy Commissioner/Parole Administrator, the parolee, and parolee's attorney.

The Deputy Commissioner/Parole Administrator conducting the hearing shall be the same Deputy Commissioner/Parole Administrator who made the return to custody assessment (offer) where practicable.

Parolee shall be permitted to present documentary evidence and hearsay testimony by way of offer of proof through his or her attorney in mitigation or as a partial or complete defense to the charges and/or the proposed disposition.

The Deputy Commissioner/Parole Administrator shall have the complete range of options to resolve the case. (Continue on parole, credit for time served, release from custody with pending charges, remedial sanctions/community based treatment, reduce the offer downward, dismiss some or all of the charges)

The Deputy Commissioner shall not have the authority to adjust the return to custody assessment upward at or during the probable cause hearing.

Parolee shall have the right to waive time as to any of these hearing time constraints with or without good cause.

Attorney shall have the right to a continuance upon the showing of good cause in the absence of his or her client's consent in cases of emergency or illness or upon such other showing that the Deputy Commissioner/Parole Administrator can make a finding of good cause.

There shall be a written record of this proceeding and the basis for any decisions made therein.

It is not necessary that the Probable Cause Hearing be audio/video recorded.

If at the conclusion of the probable cause hearing, the parolee has rejected the offer, parolee shall provide the Deputy Commissioner/Parole Administrator with a list of witnesses he or she would like to call at the revocation hearing. The location of the hearing shall be determined (within 50 miles of the violation), and the Deputy Commissioner/Parole Administrator shall make an independent ADA accommodation determination.

## **REVOCATION HEARING**

The revocation hearing shall be held at the earliest possible time and in no case later than 35 calendar days after the parole hold has been placed.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **JERRY VALDIVIA, et al. v. GRAY DAVIS, et al.**

No.:   **USDC E.D. #CIV-S-94-0671 LKK GGH P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 21, 2003, I served the attached

### DEFENDANTS' REVISED REMEDIAL PLAN

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, San Francisco, California 94102-7004, addressed as follows:

Michael W. Bien, Esq.
Rosen, Bien & Asaro
155 Montgomery Street, 8th Floor
San Francisco, CA 94104

Donald Specter
Prison Law Office
General Delivery
San Quentin, CA 94964

Stephen J. Perrello, Jr.
P.O. Box 880738
San Diego, CA 92168

Alexander L. Landon
Law Offices of Alex Landon
2442 Fourth Avenue
San Diego, CA 92101

Karen Kennard
Kristen A. Palumbo
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 21, 2003, at San Francisco, California.

A. ALBANO
Declarant

Albano
Signature

40006164.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Jerry Valdivia, et al. v. Gray Davis, et al.*

No.:          **USDC, Eastern District of California, Case No. CIV-S-94-0671 LKK GGH P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On November 18, 2003, I served the attached

### STIPULATED ORDER FOR PERMANENT INJUNCTIVE RELIEF

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550, addressed as follows:

**Karen L. Kennard**                    **Alex Landon**
**Bingham McCutchen LLP**               **Law Offices of Alex Landon**
**Three Embarcadero Center**            **2442 Fourth Avenue**
**San Francisco, CA 94111-4067**        **San Diego, CA  92101**

**Donald Specter**                      **Stephen J. Perrello, Jr.**
**Prison Law Office**                   **Law Offices of Stephen J. Perello**
**General Delivery**                    **P.O. Box 880738**
**San Quentin, CA 94964**               **San Diego, CA  92168**

**Michael W. Bien**
**Rosen, Bien & Asaro**
**155 Montgomery Street, 8th Floor**
**San Francisco, CA  94104**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 18, 2003, at Sacramento, California.

_____          _____
          R. Wells                                    *R. Wells*
          Declarant                                   Signature

10025232.wpd

ndd

United States District Court
for the
Eastern District of California
March 9, 2004

\* \* CERTIFICATE OF SERVICE \* \*

2:94-cv-00671

Valdivias

v.

Schwarzenegger

, the undersigned, hereby certify that I am an employee in the Office of
he Clerk, U.S. District Court, Eastern District of California.

hat on  March 9, 2004, I SERVED a true and correct copy(ies) of
he attached, by placing said copy(ies) in a postage paid envelope
ddressed to the person(s) hereinafter listed, by depositing said
nvelope in the U.S. Mail, by placing said copy(ies) into an inter-office
elivery receptacle located in the Clerk's office, or, pursuant to prior
uthorization by counsel, via facsimile.

        Stephen J Perrello Jr          AR/LKK
        Law Office of Stephen J Perrello
        P O Box 880738
        San Diego, CA   92168

        Alexander L Landon
        Law Offices of Alex Landon
        2442 Fourth Avenue
        San Diego, CA   92101

        Karen Kennard
        Bingham McCutchen LLP
        Three Embarcadero Center
        Suite 1800
        San Francisco, CA   94111

        Michael W Bien
        Rosen Bien and Asaro
        155 Montgomery Street
        Eighth Floor
        San Francisco, CA   94104

Donald Specter
Prison Law Office
General Delivery
San Quentin, CA  94964

William Vernon Cashdollar
Attorney General's Office for the State of California
PO Box 944255
1300 I Street
Suite 125
Sacramento, CA  94244-2550

Erika C Aljens
Attorney General's Office for the State of California
PO Box 944255
1300 I Street
Suite 125
Sacramento, CA  94244-2550

Benjamin Laurence Pavone
**Law Office of Benjamin Pavone**
**7676 Hazard Center Drive**
**Fifth Floor**
San Diego, CA  92108-4503

Thomas Stuart Patterson
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

John T Philipsborn
Law Offices of John T Philipsborn
507 Polk Street
Suite 250
San Francisco, CA  94102

Kristen A Palumbo
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA  94111-4067

Peter D Nussbaum
**Altshuler Berzon Nussbaum Rubin and Demain**
**177 Post Street**
**Suite 300**
**San Francisco, CA  94108**

Mark F Adams
San Diego Criminal
Defense Bar Association
962 Fifth Avenue
Suite 214
San Diego, CA  92101

Michael J McCabe
Criminal Defense Lawyers
Club of San Diego
2442 Fourth Avenue
San Diego, CA 92101

Jack L. Wagner, Clerk

by: Deputy Clerk

DEUEL VOCATIONAL INSTITUTION
P.O. BOX 600
TRACY, CA.  95378-0600
Name Delaney Barnes
CDC# F88879
Housing Unit & Bed # E 123

State Prison

Generated Mail

**DVI RECEPTION CENTER**

Hasler

06142576766
$01.340
Mailed From 95378
06 21 2008
US POSTAGE

Legal M

Clerk of the United States District
Court for the Northern District
of California, 450 Golden Gate Ave
Box 36060 San Francisco, Ca 94102

